**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Harold Mosley, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2012-212195

_____

Appeal From the Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

_____

Unpublished Opinion No. 2013-UP-389
Submitted September 1, 2013 – Filed October 16, 2013

_____

**AFFIRMED**

_____

Harold Mosley, pro se.

Deputy General Counsel Christopher D. Florian and Staff
Attorney Shanika Kenyetta Johnson, of the South
Carolina Department of Corrections, both of Columbia,
for Respondent.

_____

**PER CURIAM:** Harold Mosley appeals his disciplinary conviction for assault
and/or battery of a South Carolina Department of Corrections (SCDC) employee,
arguing the administrative law court (ALC) erred in finding (1) SCDC did not deny

him due process with regard to calling witnesses, (2) he was not denied due process because his counsel substitute was ineffective, (3) SCDC did not deny him due process because he was placed in double jeopardy, (4) SCDC did not deny him due process by arbitrarily taking his good-time credits, (5) substantial evidence supported his disciplinary conviction, (6) the disciplinary hearing officer (DHO) did not convict him in violation of the ex post facto clause, and (7) it did not abuse its discretion by issuing a defective order of dismissal.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the ALC erred in finding SCDC did not deny Mosley due process as alleged in Issues (1), (2), (3), and (4), and as to whether the ALC erred in finding the record contained substantial evidence to support Mosley's disciplinary conviction as alleged in Issue (5): *Sanders v. S.C. Dep't of Corrs.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Al-Shabazz v. State*, 338 S.C. 354, 371, 527 S.E.2d 742, 751 (2000) ("[T]he [United States] Supreme Court held that due process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial." (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974))).

2.  As to whether Mosley's conviction was a violation of the ex post facto clause as alleged in Issue (6), and as to whether the ALC abused its discretion by issuing a defective order of dismissal as alleged in Issue (7):  *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 211 n.5, 712 S.E.2d 428, 435 n.5 (2011) ("[T]his

Court has long enforced and relied upon issue preservation rules in administrative appeals."); *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.